CHARLES ROBERT CHAPMAN V. STATE

No. 34,300.    February 14, 1962

Hon. Owen M. Lord, Judge Presiding.

Appellant represented himself.

*W. G. Walley, Jr.,* Acting Criminal District Attorney, *W. T. Wood,* Assistant Criminal District Attorney, Beaumont, and *Leon Douglas,* State's Attorney, Austin, for the state.

WOODLEY, Presiding Judge.

The offense is unlawfully attempting to pass as true a forged instrument in writing; the punishment, 5 years.

Appellant pleaded guilty before the court, a jury being waived in the manner authorized by statute.

The evidence shows that appellant went to Gordon Jewelry Company in Beaumont and presented Harold R. Lang, an employee, the check which was offered in evidence in payment for a watch he selected. He departed without the watch, the change or the check, after he was asked if he had other identification, and replied, "Yes, I do, but I have to go to the car and get it."

The check was in the sum of $174.35 and upon its face purported to be drawn by E. E. Biscamp and Company, by E. E. Biscamp, payable to Charles Johnston.

E. E. Biscamp testified that the signature on the check was not his and that he did not give appellant permission to sign his name.

The evidence is deemed sufficient to sustain the conviction upon appellant's plea of guilty.

Appellant has filed a brief. It is evident that it was prepared without benefit of counsel familiar with the rules of procedure.

Appellant's complaint relating to the entry of his notice of appeal was answered favorably to him by our order directing that such notice be entered.

In his brief appellant contends, with no evidence or record to support such contentions, that his plea of guilty was entered under duress; that the sentence was vague and uncertain and was invalid and that the trial records have been altered to his detriment.

There is nothing in the record to support appellant's contentions. On the contrary, affidavits of the trial judge and of appellant's trial counsel refute such claims.

The evidence is sufficient to sustain the conviction and no reversible error appears.

The judgment is affirmed.